## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## VALDOSTA DIVISION

| | |
|---|---|
| **BANK OF THE OZARKS,** | |
| Plaintiff, | |
| v. | Civil Action No. 7:13-CV-90 (HL) |
| **BLACKACRE PROPERTIES, L.L.C., BLACKACRE BUILDERS, LLC, BLACKACRE DEVELOPERS, L.L.C., and TRENT L. COGGINS**, | |
| Defendants. | |

## ORDER

This case is before the Court on Plaintiff's Motion for Final Default Judgment against All Defendants (Doc. 13). On July 1, 2013, Plaintiff filed a complaint against Defendants Blackacre Properties, L.L.C., Blackacre Builders, LLC, Blackacre Developers, L.L.C., and Trent L. Coggins, alleging breach of contract in relation to certain promissory notes and personal guaranties.[1] Defendants were personally served with summons and a copy of the complaint on July 9, 2013. After Defendants failed to answer or otherwise respond to the complaint, the Clerk of Court entered default on July 31, 2013. Plaintiff then filed the pending motion.

---

[1] Plaintiff alleged unjust enrichment claims in the alternative.

Upon consideration of the complaint, the motion, and the relevant legal authorities, Plaintiff's Motion for Final Default Judgment (Doc. 13) is granted.

## I.   FACTS[2]

### A.   Note 1

On August 6, 2008, Blackacre Properties executed and delivered a Promissory Note in favor of The Park Avenue Bank ("PAB") in the principal amount of $190,641.98 (hereinafter "Note 1"). (Compl. ¶ 8; Doc. 1, p. 4). On July 22, 2011, Blackacre Properties and Plaintiff executed a Commercial Debt Modification Agreement (the "Note 1 Modification"), which extended the maturity date on Note 1 to July 13, 2012. (Compl. ¶ 9; Id.)[3] Note 1 obligates Blackacre Properties to timely pay PAB, or PAB's successor, all amounts due under Note 1, including principal, interest, and other charges due and payable thereunder. (Compl. ¶ 10; Id.) Note 1 further provides for payment of the costs and expenses of collection of the Note 1 indebtedness, including court costs and actual attorney's fees not to exceed 15 percent of the remaining principal plus accrued interest. (Compl. ¶ 11; Doc. 1, p. 5).

---

[2] The Court finds that the following allegations in the complaint have been admitted by Defendants.

[3] The transfer of the loans from PAB to Plaintiff is explained *infra*.

Repayment of the amounts due under Note 1 was guaranteed by a Guaranty executed and delivered by Blackacre Builders on July 22, 2011 (the "Blackacre Builders Note 1 Guaranty"). (Compl. ¶ 12; Id.) Repayment of the amounts due under Note 1 was also guaranteed by a Guaranty executed and delivered by Defendant Blackacre Developers on July 22, 2011 (the "Blackacre Developers Note 1 Guaranty"). (Compl. ¶ 13; Id.) Repayment of the amounts due under Note 1 was further guaranteed by a Guaranty executed and delivered by Trent L. Coggins on August 6, 2008 (the "Coggins Note 1 Guaranty"). (Compl. ¶ 14; Id.)

On November 2, 2007, Blackacre Builders executed a Deed to Secure Debt in favor of PAB. The security deed was filed on November 5, 2007, in Deed Book 186, Page 30, of the Lanier County, Georgia real property records. (Compl. ¶ 15; Doc. 1, pp. 5-6). On August 6, 2008, Blackacre Builders executed a Modification of Deed to Secure Debt relating to the November 2, 2007 security deed. The modification was filed on October 16, 2008, in Deed Book 199, Page 186, of the Lanier County real property records. (Compl. ¶ 16; Doc. 1, p. 6). On July 22, 2011, Blackacre Builders executed a Modification of Deed to Secure Debt also relating to the November 2, 2007 security deed. This modification was filed on September 15, 2011, in Deed Book 232, Page 510, of the Lanier County real property records. (Compl. ¶ 17; Doc. 1, pp. 6-7).

3

PAB extended funds to Blackacre Properties subject to the terms of Note 1. (Compl. ¶ 18; Doc. 1, p. 7). Blackacre Properties received and has enjoyed the use of the funds that PAB disbursed. (Compl. ¶ 19; Id.) Blackacre Properties is in default under the terms of Note 1 for failure to pay Note 1 upon maturity. (Compl. ¶ 20; Id.) Blackacre Builders is in default under the terms of Note 1 and the Blackacre Builders Note 1 Guaranty. (Compl. ¶ 21; Id.) Blackacre Developers is in default under the terms of Note 1 and the Blackacre Developers Note 1 Guaranty. (Compl. ¶ 22; Id.) Trent L. Coggins is in default under the terms of Note 1 and the Coggins Note 1 Guaranty. (Compl. ¶ 23; Doc. 1, p. 8).

### B.    Note 2

On September 11, 2009, Blackacre Properties executed and delivered a Promissory Note in favor of PAB in the principal amount of $88,452.23 (hereinafter "Note 2"). (Compl. ¶ 24; Id.) On February 22, 2012, Blackacre Properties and Plaintiff executed a Commercial Debt Modification Agreement (the "Note 2 Modification"), which extended the maturity date on Note 2 to February 15, 2013, and cross-collateralized Note 2 with Note 1. (Compl. ¶ 25; Id.) Note 2 obligates Blackacre Properties to timely pay PAB, or PAB's successor, all amounts due under Note 2, including principal, interest, and other charges due and payable thereunder. (Compl. ¶ 26; Id.) Note 2 further provides for payment of the costs and expenses of collection of the Note 2 indebtedness, including court

costs and actual attorney's fees not to exceed 15 percent of the remaining principal plus accrued interest. (Compl. ¶ 27; Doc. 1, p. 9).

Repayment of the amounts due under Note 2 was guaranteed by a Guaranty executed and delivered by Trent L. Coggins on September 11, 2009 (the "Coggins Note 2 Guaranty"). (Compl. ¶ 28; Id.)

On February 22, 2012, Blackacre Properties executed a Real Estate Deed to Secure Debt in favor of Plaintiff. The security deed was filed on March 15, 2012, in Deed Book 238, Page 44, of the Lanier County, Georgia real property records. (Compl. ¶ 29; Doc. 1, pp. 9-10).

PAB extended funds to Blackacre Properties subject to the terms of Note 2. (Compl. ¶ 30; Doc. 1, p. 10). Blackacre Properties received and has enjoyed the use of the funds that PAB disbursed. (Compl. ¶ 31; Id.) Blackacre Properties is in default under the terms of Note 2 for failure to pay Note 2 upon maturity. (Compl. ¶ 32; Id.) Trent L. Coggins is in default under the terms of Note 2 and the Coggins Note 2 Guaranty. (Compl. ¶ 33; Doc. 1, p. 11).

### 3. Transfer of Notes 1 and 2 to Plaintiff

On or about April 29, 2011, the Georgia Department of Banking and Finance closed PAB. The Federal Deposit Insurance Corporation was appointed as receiver. (Compl. ¶ 34; Id.) The Federal Deposit Insurance Corporation, as receiver for PAB (the "FDIC-R"), succeeded to all rights, titles, powers, and

5

privileges of PAB. The FDIC-R stood in the shoes of PAB with respect to all matters. (Compl. ¶ 35; Id.) Also on or about April 29, 2011, the FDIC-R and Plaintiff entered into a Purchase and Assumption Agreement whereby Plaintiff purchased for value and took physical possession of the loan documents at issue in this action. (Compl. ¶ 36; Id.) On June 1, 2011, the FDIC-R, acting through its duly appointed attorney-in-fact, executed a Master Assignment (effective by its terms April 29, 2011) which was recorded on June 10, 2011 in Deed Book 230, Page 288, of the Lanier County real property records, evidencing the transfer of the Note 1 loan documents to Plaintiff. (Compl. ¶ 37; Doc. 1, pp. 11-12). In Plaintiff's purchase of the assets of PAB from the FDIC-R, the FDIC-R completely transferred any and all interest it had in the Note 1 loan documents and Note 2 loan documents to Plaintiff. Plaintiff is the holder of the Note 1 loan documents and Note 2 loan documents. (Compl. ¶ 38; Doc. 1, p. 12).

**4.    Default**

On June 28, 2013, Plaintiff provided written notice of default to Defendants under the terms of Note 1, the Blackacre Builders Note 1 Guaranty, the Blackacre Developers Note 1 Guaranty, the Coggins Note 1 Guaranty, Note 2, and the Coggins Note 2 Guaranty. Plaintiff provided notice that it intended to enforce the attorney's fees provisions of Notes 1 and 2. (Compl. ¶ 39; Id.)

6

Blackacre Properties has not cured its default under Note 1. (Compl. ¶ 41; Doc. 1, p. 13). Blackacre Builders has not cured its default under Note 1 and the Blackacre Builders Note 1 Guaranty. (Compl. ¶ 42; Id.) Blackacre Developers has not cured its default under Note 1 and the Blackacre Developers Note 1 Guaranty. (Compl. ¶ 43; Id.) Trent L. Coggins has not cured his default under Note 1 and the Coggins Note 1 Guaranty. (Compl. ¶ 44; Id.)

Further, Blackacre Properties has not cured its default under Note 2. (Compl. ¶ 46; Id.). Trent L. Coggins has not cured his default under Note 2 and the Coggins Note 2 Guaranty. (Compl. ¶ 47; Id.)

## II.   DISCUSSION

Prior to obtaining a default judgment, the party seeking judgment must first seek an entry of default. *See* Fed.R.Civ.P. 55(a). Plaintiff has satisfied this requirement. After entry of default, Plaintiff is required to seek default judgment from the Court. Fed.R.Civ.P. 55(b)(2). ("[T]he party entitled to a judgment by default shall apply to the court therefor.")

The mere entry of default by the Clerk of Court does not in itself warrant default judgment by the Court. Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975). Rather, the Court must find that there is a "sufficient basis in the pleadings for the judgment to be entered." Id. The defendant is not held to admit facts that are not well-pleaded or to admit

conclusions of law. Id. The Clerk's entry of default causes all well-pleaded allegations of facts to be deemed admitted. *See* Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987). The Court must accept these facts as true and determine whether they state a claim upon which relief may be granted. *See* Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1370 n. 41 (citing Nishimatsu, 515 F.2d at 1206).

In considering any default judgment, the Court must examine (1) jurisdiction, (2) liability, and (3) damages. *See* Pitts v. Seneca Sports, Inc., 321 F.Supp.2d 1353 (S.D. Ga. 2004). In this case, the Court is satisfied that it has personal and subject-matter jurisdiction, as established by the complaint. Plaintiff is a citizen of Arkansas and all Defendants appear to be citizens of Georgia. (Compl. ¶¶ 1-5). The amount in controversy exceeds $75,000. (Compl. ¶ 50; Doc. 1, p. 14). This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

Liability has also been established, as the admission of the facts set forth in the complaint constitutes breaches of contract by the Defendants. Finally, the Court is satisfied that the allegations set forth in the complaint and the evidence submitted with Plaintiff's motion adequately demonstrate Plaintiff's damages.

Based on the evidence in the record, the Court finds that Plaintiff is entitled to judgment in its favor as follows:

### 1.     Note 1

Defendants Blackacre Properties, L.L.C., Blackacre Builders, LLC, Blackacre Developers, L.L.C., and Trent L. Coggins are jointly and severally liable to Plaintiff as follows on Note 1. As of August 1, 2013, Defendants owed $177,111.26 in principal, $5,279.64 in late charges, and $14,303.87 in interest. (Affidavit of Dale E. Crowe, ¶ 34). Interest continues to accrue at a per diem rate of $33.58 for each day after August 1, 2013. (Id.) Per diem interest at the rate of $33.58 from August 1, 2013 to the date of this Order, August 22, 2013, amounts to $738.76. Therefore, Defendants Blackacre Properties, L.L.C., Blackacre Builders, LLC, Blackacre Developers, L.L.C., and Trent L. Coggins are jointly and severally liable to Plaintiff for the principal, interest, and late charges on Note 1 in the amount of $197,433.53.

Plaintiff is also entitled to attorney's fees and costs as provided for under Note 1. Plaintiff seeks costs in the amount of $602, which includes the fee for filing its complaint and service fees. Plaintiff also seeks attorney's fees in the amount of $1,975, consisting of 7.9 total hours of attorney time at $250 per hour. (Affidavit of Donald P. Boyle Jr., ¶ 28). Plaintiff has properly supported this request for fees with an affidavit from the attorney responsible for the work on this case.

## 2.    Note 2

Defendants Blackacre Properties, L.L.C. and Trent L. Coggins are jointly and severally liable to Plaintiff as follows on Note 2. As of August 1, 2013, Defendant Blackacre Properties, L.L.C. and Trent L. Coggins owed $11,521.08 in principal, $1,249.98 in late charges, and $1,132.91 in interest. (Crowe Aff. ¶ 37). Interest continues to accrue at a per diem rate of $2.16 for each day after August 1, 2013. (Id.) Per diem interest at the rate of $2.16 from August 1, 2013 to the date of this Order, August 22, 2013, amounts to $47.52. Therefore, Defendants Blackacre Properties, L.L.C. and Trent L. Coggins are jointly and severally liable to Plaintiff for the principal, interest, and late charges on Note 2 in the amount of $13,951.49.

Plaintiff also seeks to recover attorney's fees and costs under Note 2. While the recovery of attorney's fees and costs is provided for under Note 2, the Court finds that allowing such a recovery would result in an improper double recovery for Plaintiff. Plaintiff did not separate the fees incurred for the attorney work performed relating to Note 1 versus Note 2, and there is no way for the Court to make such a separation. As the Court is awarding all of the requested fees and costs as part of its judgment on Note 1, it would not be proper to make a second award of those same fees under Note 2.

## IV.    CONCLUSION

Plaintiff's Motion for Final Default Judgment against All Defendants (Doc. 13) is granted. Default judgment is entered pursuant to Federal Rule of Civil Procedure 55(b).

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Blackacre Properties, L.L.C., Blackacre Builders, LLC, Blackacre Developers, L.L.C., and Trent L. Coggins on Note 1, jointly and severally, in the amount of:

1.    $177,111.26 for unpaid principal;

2.    $5,279.64 for late charges;

3.    $15,042.63 in interest;

4.    $2,577 in attorney's fees and costs; and

5.    Post judgment interest at the statutory rate.

The Clerk of Court is directed to enter judgment in favor of Plaintiff and against Defendants Blackacre Properties, L.L.C. and Trent L. Coggins on Note 2, jointly and severally, in the amount of:

1.    $11,521.08 for unpaid principal;

2.    $1,249.98 in late charges;

3.    $1,180.43 in interest; and

4.    Post judgment interest at the statutory rate.

**SO ORDERED**, this the 22nd day of August, 2013.

*s/ Hugh Lawson*_____
**HUGH LAWSON, SENIOR JUDGE**

mbh